UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHANTRICE ARRINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-3880** |
| **DELTA ADMINISTRATIVE SERVICES AND BLUE CROSS BLUE SHIELD OF LOUISIANA** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Chantrice Arrington's motion to remand is **DENIED**. (Document #11.)

### I. BACKGROUND

Chantrice Arrington was employed by Robert D. Lesser M.D. & Associates, which provided health care benefits to the employees.  When the physician closed the office, Arrington elected the option to continue her coverage through the Consolidated Omnibus Budget Reconciliation Act (COBRA) and paid her premiums to Delta Administrative Services, L.L.C. (Delta).  The health care policy through Delta was effective September 1, 2007.  In November 2007, Arrington received medical services, but the claim for payment submitted by the provider was denied.  The healthcare provider sought payment of $30,000 from Arrington through a collection agency.

Arrington filed a petition for damages in 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.  She alleges that she believed that her premiums were being paid to HMO Louisiana, Inc.[1] and that her insurance coverage was in effect at the time she received services.  Arrington alleges that Delta and HMO Louisiana arbitrarily and capriciously failed to protect her rights and honor the terms and conditions of the policy.  Delta filed a cross claim against HMO Louisiana.

HMO removed the case to federal court based on federal question jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA).  Arrington filed a motion to remand the case to the 24th Judicial Court for the Parish of Jefferson.

## II. DISCUSSION

### A.  Legal standard

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court."  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)).  Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  A removal action based on federal question jurisdiction is analyzed under the well-pleaded complaint rule.  See Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).

---

[1] In the petition for damages, Arrington incorrectly identified HMO Louisiana, Inc. as Blue Cross Blue Shield of Louisiana.

**B. ERISA**

A case may be removed on grounds that the plaintiff has asserted a claim that is preempted by § 514(a) of ERISA. See <u>Dowden v. Blue Cross & Blue Shield of Tex., Inc.</u>, 126 F.3d 641, 642-43 (5th Cir. 1997) (citing <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 66 (1987)). Employee benefit plans that provide medical care or benefits through the purchase of insurance are comprehensively regulated by ERISA. <u>Id</u>. at 643. ERISA "shall supersede any state causes of action insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). If a state law claim addresses the right to receive benefits under the terms of an ERISA plan, ERISA preempts a state law cause of action. <u>Id</u>.

Arrington's motion to remand is based on the contention that the court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000. HMO Louisiana argues that the amount in controversy is irrelevant because the claim for benefits is governed by ERISA.

In her petition for damages, Arrington seeks coverage for medical care benefits through the purchase of insurance. Further, in seeking remand, Arrington does not argue that ERISA does not govern the claim. Accordingly, it appears from the face of the complaint that federal question jurisdiction is present under ERISA. The motion to remand is denied.

New Orleans, Louisiana, this   20th   day of October, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

3